UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT CARR,                            Case No. 1:14-cv-994

    Plaintiff,                             Beckwith, J.
                                                  Bowman, M.J.

    v.

VILLAGE OF GREENHILLS, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

On December 23, 2014, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint, which is unsigned. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no

arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic

2

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

### II. Allegations Of Complaint

Plaintiff's complaint details three events in chronological order. First, he alleges that on March 11, 2012, he was given "a ticket/citation for a traffic infraction" by "a man, J. Taylor, acting as Ohio State Highway Patrol for City of Batavia Post 13." (Doc. 1-1 at 2). Next, he alleges that on June 12, 2012, he was pulled over and arrested by a "man acting as officer for the City/Village of Gree[n]hills," who transported him to the Hamilton County Justice Center, where he "met men acting as Ohio State Highway Patrol for City of Batavia Post 13." (*Id.*). The third event, which is alleged to have occurred on June 19, 2012, is set forth verbatim below because it appears to form the primary basis of his complaint, but is also the most difficult to interpret:

> I met the man Tucker Stone in the Hamilton County Jail who showed me two photos of the inside of my private dwelling who verified Task Force and D.E.A. Agents had entered upon and were still searching my private dwelling located on 970 Harkin Road, Cincinnati, Ohio for the reason of attempting to serve a warrant to ROBERT CARR for a traffic ticket while talking to agents on his cellphone to verify [I] was in the Hamilton County Jail then told me there was a "mix-up" initiated by Ohio highway state patrol post 13 (Batavia) resulting in damage to blankets, power line, and shutters with stapled notices warning me not to enter my private dwelling with threat of some legal action will result if I entered my dwelling or remove the notices. The wrongdoer's trespass upon my property caused me harm and loss until the Sixth day of October in the year Two thousand Twelve resulting in damage to the roof. The wrongdoers failed to respond and to remove the posted notices and accepted liability for this claim by a notice from me….

(Doc. 1-1 at 2). In the next portion of his complaint, the undersigned infers that Plaintiff is alleging that he previously served the "notice" on some or all of the Defendants. The "notice" includes language that purports to indicate that if the Defendants "fail or refuse

3

to respond" by October 6, 2012, then they would "accept liability and waive defense for all claims that are made against your company(s) and all parties in their individual capacities." (*Id.*). At the end of his complaint, Plaintiff sets forth a claim for monetary damages "for the loss of my home, job, monthly compensation from two boarders, damage to roof electric line, shutters, and a blanket – Four thousand Seven hundred dollars." (Doc. 1-1 at 3). He also seeks some type of declaratory or injunctive relief by way of "verified proof in writing of the Ohio State Highway Patrol's lawful authority to issue traffic tickets…." (*Id.*).

### III. Analysis of Claims

Applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction and/or for failure to state a claim upon which relief may be granted. Plaintiff's complaint offers no clear basis for invoking the limited jurisdiction of this federal court. Plaintiff's civil cover sheet indicates that the basis for jurisdiction is that the U.S. Government is the Plaintiff – an obvious error since the U.S. Government is not a party to this action. (Doc. 1-2). Likewise, there is no indication that diversity jurisdiction would exist, nor is there any suggestion that federal question jurisdiction exists.

Plaintiff has named as Defendants the following ten individuals or entities: (1) Village of Greenhills, officers on the scene; (2) Hamilton County Public Health Dept.; (3) [Officer] Tucker Stone; (4) Jeremy Hessel D.B.A. Environmental health division agent(s); (5) Greg Kesterman D.B.A. Assistant Health Commissioner; (6) Charles Noble D.B.A. Field Sanitarian; (7) Timothy I. Ingram; (8) Forest Park Fire (unnamed) agents, Jim Smith D.B.A. Forest Park Fire; (9) Task Force/D.E.A. (unnamed) agents; and (10) Ohio State Highway Patrol Post 13, J. Taylor & unnamed agents." Claims against most

of these identified individuals or entities fail because the complaint contains absolutely no reference to them. In order to hold a defendant liable under any theory, a complaint must allege wrongdoing by the defendant. In the few instances in which Plaintiff has made an allegation that identifies a particular defendant, such as "J. Taylor," no actionable claim has been alleged. In addition, for civil rights claims, liability cannot generally be premised on a theory of *respondeat superior*. *See Heyerman v. County of Calhoun,* 680 F.3d 642, 647 (6th Cir.2012)(holding that § 1983 liability cannot be premised on theory of *respondeat superior* ); *Hays v. Jefferson Cnty.,* 668 F.2d 869, 872 (6th Cir.1982).

Since *pro se* complaints are to be construed liberally and Plaintiff has named a variety of state and/or federal officials as Defendants, the undersigned has considered the possibility that Plaintiff may be attempting to assert some type of civil rights claim under the most common basis for federal question jurisdiction, pursuant to 42 U.S.C. §1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the most liberal construction of Plaintiff's allegations fail to state any cognizable claim under either §1983 or *Bivens*. For example, Plaintiff's allegations concerning the first incident state no claim because Plaintiff alleges only that he was arrested and "held…against my will for Thirteen minutes" while being issued a traffic citation by J. Taylor, acting in his capacity as an Ohio State Highway Patrol officer. Plaintiff does not deny that he committed the unspecified traffic offense, and does not allege that the officer violated any constitutional right during the incident. To the extent that Plaintiff intended to assert his innocence, any remedy would lie in the Ohio courts, not in this federal court.[1]

The second incident is similar to the first, to the extent that Plaintiff asserts that he was pulled over, arrested for an unspecified offense, and transported to the county jail by a person "acting as" a Greenhills Police Officer.  Once at the jail, he alleges he "met men acting as" Ohio State Highway Patrol officers.  Again, no constitutional claim or other basis for jurisdiction is apparent from these bare-bones allegations.

The allegations detailing the third incident, alleged to have occurred on June 19, 2012 and set forth in full above, also fail to state a cognizable constitutional claim.  To the extent that Plaintiff is seeking monetary damages for some type of property damage that occurred while police were "attempting to serve a warrant," his remedy again lies in state court.  Even construing Plaintiff's allegations as an attempt to assert a due process violation for the deprivation of his personal property, he fails to state any claim.

A plaintiff asserting a due process violation with regard to the deprivation of personal property must demonstrate either (1) that his loss resulted from an established unconstitutional state procedure, or (2) that a "random and unauthorized" act caused his deprivation, and that no state remedies are available to compensate him for his loss. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Warren v. City of Athens, Ohio,* 411 F.3d 697, 709-710 (6th Cir.2005). In this case, Plaintiff's allegations could be reasonably construed as alleging only the second type of violation.  However, in order to succeed, Plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir.1999); *Vicory v. Walton,* 721 F.2d 1062, 1064 (6th Cir. 1983). Here, Plaintiff has not even alleged that state post-deprivation remedies are inadequate, nor

---

[1] In general, a plaintiff may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

6

could he.  A remedy for personal property deprivation is available in the Ohio Court of Claims.  *See Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir.1989).  Plaintiff has not alleged that this remedy is inadequate; and he therefore cannot proceed with a claim for denial of procedural due process.

Multiple additional reasons exist for dismissal of various construed claims and/or Defendants.  For example, some of the identified Defendants appear to be state agencies.  Absent express waiver, a state and its agencies are immune from an action for monetary damages and injunctive relief in federal court.  *See Papasan v. Allain*, 478 U.S. 265, 276-279 (1986).  In addition, all three incidents occurred more than two years ago, and would presumably be barred by the two-year statute of limitations applicable to §1983 claims in Ohio.  *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995).  While additional reasons may also exist for the dismissal of Plaintiff's complaint, principles of judicial economy preclude further analysis.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed **with prejudice**, pursuant to 28 U.S.C. §1915(e).  In the alternative, and *only if this Report and Recommendation is rejected*, it is recommended that Plaintiff's unsigned complaint be conditionally dismissed without prejudice for failure to comply with Rule 11.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT CARR,

    Plaintiff,

    v.

VILLAGE OF GREENHILLS, et al.,

    Defendants.

Case No. 1:14-cv-994

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                     *s/ Stephanie K. Bowman*
                                                      Stephanie K. Bowman
                                                    United States Magistrate Judge